Curia, per O’Neall, J.
I have read over the report in this case again and again, to discover, if I could, a ground satisfactory to my mind, on which the plaintiff could sustain his recovery; but I have failed. It is very true that a tenant cannot dispute the title under which he enters ; it is also generally true that he cannot set up any successful defence *348 to his landlord’s claim of repossession. The proof, however,. of tenancy in this case, on the part of Arnold, is very slight. For it ought to be remarked that the books of the city assessor setting down A. B. as owner, C. D. tenant, are no evidence of either fact, until it be shown who made the return. If the supposed tenant made it, then indeed, it would be evidence of tenancy, otherwise it would be the mere declaration of the person claiming to be owner, or some one acting for him, and no evidence, in his favor, or those claiming under him. The testimony of Mr. Monpoey is that Arnold was in possession when he first knew any thing about the lots — how he came there he manifestly does not know. He went with Simmons, the father of the plaintiff’s wife, to get possession or rent, as he says, from Arnold, who, be says, put Simmons off, and wished to compromise with him, but finally, about ’24, promised to pay rent. This is very slight proof on which a possession of 24 years, accompanied by a regular title from the party then in possession, is to be defeated. Still, if it be true that the case is to be decided by the law of tenancy, unqualified, it maybe that the verdict wight be supported. Before, however, I present the view on which the case must go back, I must be permitted to remark that the legal conclusion of the title of the plaintiff, arising from the tenancy of the defendant, applies only where it excludes all proof of title on the part of the defendant. If the plaintiff, in deducing his own title, shows title out of himself, or suffers the supposed tenant to do it, he cannot expect to recover that to which he has no title. That that is the case with the plaintiff, is apparent from the deed of Thomas Coveney.— By it Elizabeth, who afterwards married Simmons, had only a life estate, and if she died without children, then, with remainder to persons who are alleged to be aliens. If that be true, the estate did not revert to the grantor’s heirs. Aliens may take and hold until office found,- — and then an escheat, nota reverter, occurs. But it is supposed Simmons acquired title by an adverse possession, after the death of his wife.— That possibly might be true, if there were any evidence'of the fact. But there is none beyond that of Mr. Monpoey, and he merely speaks of Simmons’s possession of the lots, (as he calls it,) beginning in 1820. He died in 1824; there could be, therefore, no title by possession before his death, inasmuch as his whole nossession, before Dec. 1824, when the statutory period was extended to ten years, was short of five years.
The defence set up in this case is, we think, admissible, notwithstanding Arnold may have entered under Simmons. If he entered under him during the life time of his wife, Elizabeth Coveney, then there could be. no doubt about it, that he could show her death, and exhibit the deed of Thom *349 as Coveney, and defeat Simmons or any body else, except those entitled under the deed, from recovering possession. — For that would be not disputing, but supporting the title. If he 'entered under Simmons, after the death of his wife, and he was called on after his death to surrender possession — he could show that Simmons’s estate, whatever it was, was determined. This, from the papers before us, clearly appears. He estate whatever left at his death in the lots, which could descend to his heir, and of course the tenant who had gone in under him, could not be ejected by the heir. But Simmons stood in another point of view; he had entered under Thomas Coveney as tenant per autre vie, (his wife ;) he could no more dispute that title than a tenant for years under it could. His tenant, after his death, must attorn to that title, and not to his heir, — and hence, therefore, there can be no pretence for a recovery against persons who have purchased Arnold’s title, on the ground that he was tenant to Simmons. There must be something beyond, such as title acquired on his (Simmons’s) part by adverse possession, (if that be possible,) or in some other way, so as to relieve his title from its legal subserviency to that of Thomas Coveney, deceased.
The motion for anew trial is granted.
Frost and Withers, JJ. concurred.
Wardlaw, J. dissented.
Richardson, J. absent at the argument.